# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **VESTER JOHNSON** | **CIVIL ACTION NO. 11-1471-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JULIE C. JONES, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed by pro se plaintiff Vester Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 11, 2011. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names Julie C. Jones, William R. Jones, District Attorney John Doe, and the City of Coushatta as defendants.

Plaintiff claims that in January 2011, he received a complete copy of his criminal file from his attorney T. Taylor Townsend. He claims the file contained a memo from Judge Lewis Sams to his attorney which stated a grand jury transcript was not available.

Plaintiff claims he filed a motion for the transcript of the grand jury testimony and an in camera inspection. He claims on August 4, 2011, he received a ruling denying his motion stating that it was normal practice in Red River Parish to not record the grand jury proceedings unless specially desired by counsel prior to convening.

Plaintiff claims District Attorney William R. Jones deprived him of his constitutional rights by not recording the proceedings of the grand jury on July 19, 2006 and for intentionally and deliberately not recording the proceedings of the grand jury of other blacks. He claims the grand jury proceedings of whites were and are recorded. He claims District Attorney Julie Jones has adopted the practices of William R. Jones. Plaintiff also claims that District Attorney William R. Jones, District Attorney Julie C. Jones, and all former District Attorneys of Red River Parish adopted and enacted a policy of discriminating against blacks during the grand jury proceedings by soliciting false testimony and not recording the proceedings.

Plaintiff claims the allegations in the indictment against him contained erroneous and untrue statements, perjury, and lies. He claims this indictment was used to obtain the warrant for his arrest. He claims there was not enough information for his arrest. Plaintiff claims the indictment should have been quashed. He claims the indictment and grand jury proceedings were tainted and violated his civil rights.

Plaintiff claims the actions of Julie Jones, William Jones, and John Doe harmed him and other blacks by causing them to be indicted for crimes they did not commit and could not contest because the grand jury proceedings were not recorded.

Plaintiff claims the grand jury testimony in his case was transcribed on July 19, 2006, but the District Attorney and others refuse to provide the transcript because it will show that false testimony was presented to the grand jury which prevented him from preparing for trial or moving to quash the indictment.

Accordingly, Plaintiff seeks monetary damages, court costs, interests, attorney fees, injunctive relief, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**Heck Claims**

Plaintiff is seeking monetary compensation and damages and injunctive relief for an alleged unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation or damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its

preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation and damages and injunctive relief for civil rights violations under Section 1983; therefore, he must prove that his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 24th day of April 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE